UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

WILLIE POTEAT )
 )
v. ) NO. 2:03-CV-457
 )
HOWARD CARLTON, Warden )

**MEMORANDUM OPINION**

Willie Poteat, a state prisoner, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the legality of his confinement pursuant to his 2002 state court convictions. The case is now before the Court on an unopposed motion to dismiss filed by the Attorney General for the State of Tennessee on behalf of the respondent. [Doc. 5].

**I. Procedural Background**

According to the face of the petition, in December of 2002, upon his plea of nolo-contendere, Mr. Poteat was convicted in the Sullivan County Criminal Court of possession of 26 grams or more of cocaine for resale and conspiracy to sell more than 26 grams of

cocaine. For these offenses, Mr. Poteat was sentenced to serve 10 years in prison.

Mr. Poteat filed a direct appeal, having reserved his right to appeal a certified question of law concerning a suppression issue. The Tennessee Court of Criminal Appeals ruled against him, *State v. Poteat*, E2003-00314-CCA-R3-CD, 2003 WL 22362767 (Tenn. Crim. App. Oct. 17, 2003), and no further appeal was taken. He did not seek post-conviction relief in the state courts.

Instead, Mr. Poteat brings this instant petition, alleging, as grounds for relief, that his convictions rest upon evidence obtained during an illegal search because: 1) he was not given a copy of the warrant; 2) his name was not on the warrant; 3) there was some confusion as to the date of the alleged crime.

## II. Factual Background

The following factual recitation is taken from the opinion of the Tennessee Court of Criminal Appeals on direct review.

A residence occupied by Mr. Poteat and his co-defendant Ronnie Nasser was searched, pursuant to a

2

warrant, which described the occupants as "Ronnie Nasser and a heavy set black male known as 'Biggie.'" Upon entering the residence, the co-defendant was given a copy of the warrant, but Mr. Poteat (listed as "Biggie" in the warrant), was not given a copy. During the search, evidence was uncovered, which subsequently was challenged in an unsuccessful motion to suppress. Ultimately, Mr. Poteat pled nolo contendere to the drug charges.

### III. Discussion

The Court will address each of Mr. Poteat's claims in turn. **Claim 1**. *Failure to Serve a Copy of the Warrant*: On direct appeal, Mr. Poteat claimed that the officers who conducted the search of the residence violated state criminal procedural law, thereby rendering the search illegal. The state procedural rule required that a defendant be served with a copy of a search warrant or that it be read to him and that a receipt for seized property be left with him. Mr. Poteat cited Tennessee cases and procedural rules as supporting authority. The appellate court decided the issue against

3

Mr. Poteat, finding that the search was conducted in compliance with state law.

The respondent argues, and Mr. Poteat's brief on appeal confirms [Addendum No. 1], that the claim offered here is the same claim presented earlier in the state court. A claim which is predicated entirely upon state law grounds, without a hint of a federal constitutional issue involved, is not cognizable in a federal habeas corpus case. This is so because a habeas court does not sit to review matters purely of state law. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991); *Houston v. Dutton*, 50 F.3d 381, 484-85 (6th Cir.), *cert. denied*, 516 U.S. 905 (1995). Moreover, a habeas petitioner may not seek to raise issues challenging the legality of a search and seizure, if he had a full and fair opportunity to raise the claims in state court and if the presentation of the claims was not frustrated by any failure of the state's corrective processes. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976).

Mr. Poteat does not assert that he did not have an adequate opportunity to litigate his claims and,

4

indeed, the state court held a suppression hearing in connection with the search and seizure issues.

**Claim 2**. *Failure to include Mr. Poteat's name on the Warrant*:

**Claim 3**. *Confusion about the Date of the Alleged Crime*:

These two claims are addressed together for ease of discussion. In the first claim, Mr. Poteat, apparently, is challenging the validity of a warrant which lists a resident of a place to be searched by a name he is known as or is called, rather than his true, legal name. The second claim has no factual elaboration and must stand on its own.

At any rate, as the respondent correctly argues, these claims are not offered on federal constitutional bases and neither claim has ever been raised in the state court. As discussed, a claim which presents only state law issues for resolution or which offers search and seizure issues which might have been raised in a hearing in state court is not recognizable in a § 2254 case.

In addition, a petition for federal habeas corpus relief may not be considered unless a petitioner has

5

first exhausted all available state court remedies as to each claim presented in the petition. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Morever, a petitioner must present the claim in state court as a matter of federal law. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982). Where a petitioner has never before raised a claim and where state law bars the claim in state court, the claim is treated as technically exhausted (since no available state remedies are left to exhaust), but procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). A claim which has been procedurally defaulted in state court will only be reviewed by a habeas court if a petitioner shows cause and prejudice, *id.*, at 750, or demonstrates that a miscarriage of justice will ensue if his claim is not reviewed. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Mr. Poteat did not present his claims to the state court when he had the opportunity and cannot do so now. *See* Tenn. Code Ann. § 40-30-102(a)(2003 Repl.) (establishing a one-year statute of limitations for filing a post-conviction petition). He offers nothing by

6

way of cause and prejudice and, thus, habeas review of his claims is barred by his state procedural default.

## IV. Conclusion

Because none of the claims raised in the petition are cognizable in these proceedings and because two of the claims have also been procedurally defaulted, the respondent's motion to dismiss will be **GRANTED**, and this case will be **DISMISSED**.

A separate order will enter.


ENTER:

                                  s/Thomas Gray Hull
                                  THOMAS GRAY HULL
                                  SENIOR U. S. DISTRICT JUDGE